# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| RONALD WADE, : | |
| Petitioner, : | |
| : | Case No. 3:07cv00346 |
| vs. : | District Judge Walter Herbert Rice |
| : | Magistrate Judge Sharon L. Ovington |
| WARDEN, Lebanon Correctional Institution, : | |
| Respondent. : | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On January 1, 2010, the Court denied Ronald Wade's Petition for Writ of Habeas Corpus and entered Judgment in favor of Respondent and against Petitioner. (Doc. #13, 14). Nothing then happened for slightly less than eleven months. Then, on December 13, 2010, Petitioner filed a Motion for Reconsideration (Doc. #16). Petitioner's Motion is timely, having been filed less than one year after the Judgment entered. *See* Fed. R. Civ. P. 60(c)(1).

Petitioner argues that an Order relieving him from the prior Judgment against him is warranted under Fed. R. Civ. P. 60(b)(1) because the Decision and Entry, and resulting Judgment, issued before consideration of his Objections to the Report and Recommendations.

Rule 60(b)(1) provides, "On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding ... [because of] mistakes, inadvertence, surprise, or excusable neglect...." Rule 60(b)(1) relief is warranted under the circumstances in this case due to the inadvertent omission of Petitioner's Objections from consideration. On January 8, 2010, the Court granted Petitioner's Motion for an Extension of Time to file Objections to the Report and Recommendations. Yet, Petitioner's Objections – which he had attached to his Motion (Doc. #12) – were not docketed separately leaving it to appear that he had not filed any Objections to the Report and Recommendations. As a result, the inadvertent omission deprived the Court of the opportunity to review Petitioner's Objections through no fault of his own.

Accordingly, Petitioner's Motion for Reconsideration is well taken. Upon review of Petitioner's Objections, a recommital or return of this case under Fed. R. Civ. P. 72(b)(3) is unwarranted for the reasons stated in the Report and Recommendations.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's Motion for Reconsideration (Doc. #16) be GRANTED;

2. The prior Judgment entered against Petitioner and in favor of Respondent (Doc. #14) be VACATED under Fed. R. Civ. P. 60(b)(1);

3. The Clerk of Court be directed to separately docket Petitioner's Objections presently attached to his Motion for Extension of Time (Doc. #12); and

  4.  The Court consider Petitioner's Objections under 28 U.S.C. §636(b)(1)(A).


March 14, 2011

                     s/ Sharon L. Ovington
                       Sharon L. Ovington
                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).